IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE MITCHELL WHITE, )
                                          )     Civil Action No. 13 - 1475
            Petitioner, )
                                          )
                v. )     Magistrate Judge Lisa Pupo Lenihan
                                          )
SUPERINTENDENT MOONEY, *PA* )
*Department of Corrections*, and THE )
ATTORNEY GENERAL OF THE )
STATE OF PENNSYLVANIA, )
                                          )
           Respondents.

**MEMORANDUM OPINION**

      Petitioner, Lance Mitchell White ("Petitioner"), a prisoner currently in the custody of the Pennsylvania Department of Corrections, has petitioned the Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). For the reasons that follow, the Petition will be denied and a Certificate of Appealability will also be denied.

**I.**     **Factual and Procedural History**

      Petitioner was charged by information in Butler County with three counts each of Possession of a Controlled Substance,[1] Possession with the Intent to Deliver a Controlled Substance,[2] and Criminal Use of a Communications Facility.[3] (Resp't App. B-D, ECF Nos. 11-1 at pp.25-50, 11-2 at pp.1-49.) These charges comprised those at Butler County cases CP-10-CR-0001052-2008 (relating to April 20, 2006 sale), CP-10-CR-0001053-2008 (relating to April 19,

---

[1] 35 P.S. § 780-113(a)(16)
[2] 35 P.S. § 780-113(a)(30)
[3] 18 Pa. C.S.A. § 7512(a)

1

2006 sale), CP-10-CR-0001054-2008 (relating to May 10, 2006 sale). Id. Petitioner was also charged in CP-10-CR-0000099-2006 with one count each of Possession of a Controlled Substance, Possession with the Intent to Deliver a Controlled Substance, and Possession of Drug Paraphernalia. (Resp't App. A, ECF No. 11-1 at pp.4-23.)

At a jury trial on Case Nos. 1052, 1053, and 1054 of 2008,[4] (Resp't App. E (trial transcript), ECF No. 11-3 through ECF No. 11-9, p.37), Petitioner chose to represent himself with the benefit of standby counsel, Chief Public Defender Kevin Flaherty.[5] (N.T., 3/19/09, at p.8.) Following the single day of trial on March 19, 2009, Petitioner was found guilty on all counts. On May 7, 2009, Petitioner, represented by Attorney Flaherty, was sentenced to serve an aggregate term of ten to 20 years in prison. (Resp't App. F (sentencing transcript), ECF No. 11-9, p.39 through ECF No. 11-10, p.14.)

During trial, Petitioner testified on his own behalf, and, during this testimony, Petitioner admitted that he sold crack cocaine to the confidential informant on April 19, 2006, April 20, 2006, and May 10, 2006. (N.T., 3/19/09, at pp.256-58.) Petitioner, however, claimed that he only sold the drugs because "the Pennsylvania State Police had me sell drugs."[6] (N.T., 3/19/09, at p.258.)

---

[4] The charges at Case No. 0099 of 2006 were not tried at this time and were eventually *nolle prossed* on May 19, 2009. Despite Petitioner's contentions, the 2006 case was not joined with the 2008 cases at any point in time.

[5] Attorney Flaherty had represented Petitioner prior to trial, but on the day of trial Petitioner elected to proceed *pro se*. (N.T., 3/19/09 at pp.8-27.)

[6] Petitioner alleged that he was entrapped by the Pennsylvania State Police, who had supposedly instructed him to sell drugs so as to maintain his credibility in the narcotics community and thereby preserve his effectiveness as a prospective informant. (N.T. 3/19/09, at pp.193, 256-59.) The trial court found as a matter of law that Petitioner had not been entrapped and declined to give the jury an entrapment instruction. (N.T., 3/19/09, at pp.277-78.)

Petitioner filed a notice of appeal from his judgment of sentence but later discontinued the appeal. (Resp't App. G, ECF No. 11-10 at pp.16-18; App. I-K, ECF No. 11-10 at pp.23-27, 29, 31-33.) He then filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, on April 5, 2010. (Resp't App. L, ECF No. 11-10 at pp.35-43.) At the request of Petitioner, the PCRA court appointed Attorney Kathryn Linn-Stevenson to represent Petitioner. Eventually, however, Attorney Linn-Stevenson filed a motion requesting that she be permitted to withdraw from the case and for the court to appoint new counsel. (Resp't App. O, ECF No. 11-13 at pp.25-26.) In her motion to withdraw, Attorney Linn-Stevenson stated that she was advised by Petitioner that she had rendered ineffective assistance. Id. Additionally, she stated:

> The Defendant has articulated that he does not believe that the undersigned has the intelligence to understand his issues as they relate to entrapment by him of law enforcement officials.
>
> The Defendant has stated that he believes the undersigned is actively attempting to assist the Commonwealth and its officials in covering up his entrapment.

Id. The PCRA court granted her motion to withdraw and then appointed Attorney Jeffrey D. Banner to represent Petitioner in litigating his PCRA petition. Id. at p.28.

Following his review, Attorney Banner concluded that the PCRA petition was without merit and filed a petition to withdraw and a "no merit" letter, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). (Resp't App. N, ECF No. 11-11 at pp.5-12.) On December 16, 2011, the PCRA court permitted Attorney Banner to withdraw and issued a notice of intent to dismiss the petition without a hearing. (Resp't App. M, ECF No. 11-10 at p.45.) Although Petitioner requested

leave to file an amended PCRA petition, the PCRA court concluded that "no purpose would be served by further proceedings" and dismissed the petition on December 16, 2011. (Resp't App. M, ECF No. 11-10 at pp.46-50; ECF No. 11-11 at pp.1-3.) This order was later vacated after the PCRA court received Petitioner's amended PCRA petition. (Resp't App. O, ECF No. 11-11 at pp.14-50; No. 11-12, No. 11-13, No. 11-14 at pp.1-45.) In an order dated October 11, 2012, the PCRA court concluded that none of the claims in the amended PCRA petition were meritorious, dismissed the petition and denied all associated motions. (Resp't App. P, ECF No. 11-14 at pp.47-52.) Petitioner appealed to the Pennsylvania Superior Court, which affirmed the denial of relief on July 29, 2013. (Resp't App. Q-V, ECF No. 11-14 at pp. 53-201.) The instant Petition was filed with the Court on November 21, 2013. (ECF No. 6.)

## II. <u>Habeas Standard</u>

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state court's disposition of that issue. *See* 28 U.S.C. § 2254(d) and (e). In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court expounded upon the standard found in 28 U.S.C. § 2254(d). In <u>Williams</u>, the Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: (1) where the State court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or (2) where the State court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05. The Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999) (*en banc*)). Moreover, the "unreasonable application" test is an objective one; "a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." Jacobs v. Horn, 392 F.3d 92, 100 (3d Cir. 2005) (citation omitted). It is Petitioner's burden to prove the State court decision is either contrary to or an unreasonable application of clearly established Federal law. *See* Matteo, 171 F.3d at 888; Werts, 228 F.3d at 197.

AEDPA also permits federal habeas relief where the State court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Section 2254(d)(2) mandates the federal habeas court to assess whether the state court's determination was reasonable or unreasonable given that evidence. If the state court's decision based on such a determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted. Within this overarching standard, of course, a petitioner may attack specific factual determinations that were made by the state court, and that are subsidiary to the

5

ultimate decision. Here, section 2254(e)(1) comes into play, instructing that the state court's determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. Lambert v. Blackwell, 387 F.3d 210, 235 (3d Cir. 2004).

## III. Claims

### A. Ineffective Assistance of Counsel

Petitioner raises two claims of ineffective assistance of counsel. Ineffective assistance of counsel claims are "governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984)." Shelton v. Carroll, 464 F.3d 423, 438 (3d Cir. 2006) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003)). Under Strickland, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

#### 1. Failure to furnish pretrial discovery

Petitioner first claims that Attorney Flaherty was ineffective for failing to provide him with discovery materials prior to trial. Petitioner presented this claim to both the PCRA court

and on appeal to the Pennsylvania Superior Court; thus, it is properly exhausted for purposes of federal habeas review.[7]

The PCRA court denied relief on this claim stating as follows:

> As part of this claim, the defendant asserts that this Court forced him to proceed to trial despite his request for a continuance, after the time the defendant waived his right to the assistance of counsel at trial, in order to have time to review discovery. That assertion by the defendant is simply false. As the March 19, 2009 Notes of Testimony demonstrate, prior to the start of trial, the defendant did not request a continuance to review discovery. It is also quite clear that the defendant utilized discovery material during the cross-examination of witnesses during trial. The defendant's claim that Attorney Flaherty failed to provide discovery materials is without merit.

(Resp't App. P, ECF No. 11-14 at p.50.) On appeal, the Pennsylvania Superior Court found as follows:

> This claim immediately fails, as Appellant: did not plead the particular discovery materials that counsel allegedly withheld; did not plead how he was prejudiced by counsel's alleged omission; did not request leave to proceed *pro se* until the first day of trial; and, did not request a continuance when the trial court granted him leave to proceed *pro se*. Thus, Appellant did not plead that his underlying claim has arguable merit or that he was prejudiced by counsel's alleged inaction.

(Resp't App. V, ECF No. 11-14 at p.200.)

In his Petition, Petitioner complains that he formally requested Attorney Flaherty to provide him with discovery materials prior to his trial date, but Attorney Flaherty did not do so and he was unable to view them until after the trial court granted his request to proceed *pro se* on the day of trial. Petitioner states that he should have been provided with the discovery prior to this time because he formally requested to proceed *pro se prior* to his trial date. Petitioner

---

[7] The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

believes that Attorney Flaherty refused to let him see the discovery materials prior to trial in an effort to "force" him into entering a plea agreement with the Commonwealth. He states that without the discovery materials he was unable to prepare for trial and present a meaningful defense, which he claims would have likely been successful. (ECF No. 5 at p.14.)

## 2. Failure to object to separation of 2006 and 2008 cases for trial

Petitioner's second claim of ineffectiveness is that Attorney Flaherty failed to object to the severance of C.A. No. 0099-2006 from the other three Criminal Actions that were the subject of trial. Petitioner presented this claim to both the PCRA court and on appeal to the Pennsylvania Superior Court; thus, it is properly exhausted for purposes of federal habeas review.

In response to this claim, the PCRA court stated as follows:

> The defendant continues to maintain that such action deprived him of the opportunity to present a defense at trial. This claim is meritless. As was explained to the defendant prior to trial, whether evidence was admissible at trial was governed by the rules of evidence. Nothing about the decision to sever C.A. No. 99 of 2006 from the other three cases deprived the defendant of the opportunity to present relevant evidence in support of his defense at trial. Any failure to object to the severance by Attorney Flaherty did not in any way cause the defendant prejudice.

(Resp't App. P, ECF No. 11-14 at p.51.) On appeal, the Pennsylvania Superior Court concluded that this claim was factually unsupported because "case number 0099-2006 was never joined with the 2008 cases[,]" and therefore it was never severed from the 2008 cases. (Resp't App. V, ECF No. 11-14 at p.200.)

Relevant to this claim is a letter dated March 4, 2009, addressed to Attorney Flaherty from Attorney Capozzi, the Senior Deputy Attorney General who prosecuted this case, which disclosed statements that Petitioner had made to him in the Butler County Courthouse on March

8

4, 2009. According to the letter, Petitioner asked him why "all four cases were not being tried together" and he responded that it was because he had moved to consolidate only the three cases that had been referred to the Office of Attorney General due to the conflict of interest the Butler County District Attorney had with respect to those three cases. He said that he did not include the C.A. No. 0099-2006 case because the Butler County District Attorney did not have a conflict of interest with that case. (Resp't App. T, ECF No. 11-14 at p.149.)

Petitioner insists that all four cases were consolidated and that Attorney Flaherty was ineffective for failing to object or otherwise intervene "when consolidation of the four cases vanished." (ECF No. 18 at p.18.) Petitioner's belief in this notion appears to stem from a motion for continuance that Attorney Flaherty filed in C.A. No. 0099-2006 on July 9, 2008. In that motion, Attorney Flaherty requested additional time "due to case consolidation". (Resp't App. T, ECF No. 11-14 at p.151.) Because of this language, Petitioner believes that all four cases were consolidated at a pre-trial conference that occurred on this day. However, the Court believes that the more appropriate interpretation of Attorney Flaherty's motion is that he needed more time to prepare for C.A. No. 0099-2006 due to the fact that he was counsel for Petitioner in C.A. Nos. 1052-2008, 1053-2008, and 1054-2008, and he had just received his appointment of representation in those cases on June 19, 2008. The docket sheets in all three of the 2008 cases reveal that a Motion to Join Information was filed by Attorney Capozzi on February 23, 2009, and on March 4, 2009, the trial court entered an order consolidating the three cases. No such motion or order was ever entered in C.A. No. 0099-2006, meaning that case was never consolidated or joined for trial.[8]

---

[8] In a letter to Petitioner dated January 20, 2010, Attorney Linn-Stevenson stated, "It is my professional opinion that the largest mistake which was made by your then counsel, Kevin

Petitioner's believes that his entrapment defense to the crimes charged in the three 2008 cases was directly related to law enforcement conduct that resulted in the crimes charged against him at C.A. No. 0099-2006, (ECF No. 18 at p.14), and he claims that counsel's failure to object to the purported severance of C.A. No. 0099-2006 "altered the entire evidentiary picture resulting in a trial that was fundamentally unfair[,]"(ECF No. 18 at p.23). *See also* id. at pp. 16, 19. He believes that the "preclusion" of C.A. No. 0099-2006 somehow barred his entrapment defense to the charges in the other three cases. (ECF No. 18 at p.15). *See also* id. at p.20 ("Failure to object to the separating/severance of the #0099-2006 case (initial case) precluded the jury from hearing evidence regarding how the 2008 cases came to be.").

3. **Application of federal habeas standard**

Petitioner has not satisfied his burden under 28 U.S.C. § 2254(d) by showing that the state court's decision on either of his two ineffective assistance of counsel claims was "contrary to, or involved an unreasonable application of clearly established Federal law," or "an unreasonable determination of the facts in light of the evidence presented".

First, the "clearly established Federal law," 28 U.S.C. 2254 § (d)(1), in which to analyze Petitioner's ineffective assistance claims is governed by Strickland. Since the Pennsylvania Superior Court applied the Strickland analysis, the correct legal rule, when it evaluated Petitioner's claims, there can be no question that its adjudication withstands review under the

---

Flaherty, was in not fighting the Motion to Sever your 2006 case from the other three. If he had presented an argument on not severing the case then there would be something for the Superior Court to review." (ECF No. 11-14 at pp.147-48.) Attorney Linn-Stevenson was likely mistaken that the four cases were joined at some point in time; however, the docket sheets for these cases do not support this fact.

first sense of the "contrary to" clause found in § 2254(d)(1).⁹  *See* Williams, 529 U.S. at 406 ("a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.")  Additionally, in the second sense of "contrary to" found in 28 U.S.C. § 2254(d)(1), *i.e.*, the state court reached a different result from that of the Federal Supreme Court on a set of materially indistinguishable facts, Petitioner has not pointed to any Federal Supreme Court decision, in existence at the time the state court rendered it's decision in this case, that has a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the Superior Court in this case.

The next question for this Court to consider is whether the state court's adjudication of either of Petitioner's ineffectiveness claims was an "unreasonable application of" Strickland. *See* Harrington v. Richter, 562 U.S. 86, 102 (2011) ("It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.")  "[U]nder AEDPA, the question 'is not whether a federal court believes the state court's determination 'was incorrect, but whether that determination was unreasonable—a substantially higher threshold.'"  Rountree v. Balicki, 640 F.3d 530, 540 (3d Cir.2011) (quoting

---

⁹ While the Pennsylvania Superior Court did not cite directly to Strickland in its Opinion, the Pennsylvania law for judging attorney ineffectiveness corresponds with the Strickland standard. *See* Commonwealth v. Pierce, 527 A.2d 973, 976-77 (Pa. 1987); Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999).  *See also* Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) (stating that the standard for ineffectiveness announced in Pierce is not "contrary" to Strickland).  Although Pennsylvania courts typically articulate a three-prong test for gauging ineffective assistance claims, and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state courts.

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009), which quoted Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

> The Supreme Court instructed that § 2254(d)(1)'s "unreasonable application" clause:
>
> preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.... *As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington, 562 U.S. at 102-03 (emphasis added). *See also* White v. Woodall, ––– U.S. ––––, 134 S. Ct. 1697, 1706-07 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question, Harrington [v. Richter], 562 U.S., at –––, 131 S. Ct., at 787."). In other words, a habeas court applying § 2254(d), "must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." Harringon, 562 U.S. at 102. The Supreme Court has also held:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689; Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. [Id.] Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. at 105 (parallel citations omitted).

As to Petitioner's claim that Attorney Flaherty was ineffective for failing to furnish him with pretrial discovery, it was Petitioner's own fault, as Respondents point out, that he was not as familiar with the discovery materials as he might have liked to have been at trial. Attorney Flaherty twice scheduled meetings with Petitioner, at which Petitioner failed to appear.[10] (N.T., 3/19/2009, at pp.5-6.) Petitioner announced on the day of trial that he wanted to proceed *pro se*, but he made no request for a continuance of trial to allow him to review the discovery materials. (N.T., 3/19/2009, at pp.26-34.) Under these circumstances, the Superior Court did not unreasonably apply the Strickland analysis to the facts of this case when it concluded that Petitioner had not demonstrated deficient performance on the part of Attorney Flaherty or prejudice that resulted by counsel allegedly withholding the discovery materials. Therefore, this claim withstands review under § 2254(d)(1)'s "unreasonable application" clause.

In his brief in response to Respondent's Answer, Petitioner asserts that he is attacking the state court's decision under 28 U.S.C. § 2254(d)(2). Section 2254(d)(2) mandates the federal habeas court to assess whether the state court's determination was reasonable or unreasonable given that evidence. A review of a claim under § 2254(d)(2) is specifically limited to "evidence presented in the State court proceeding[,]" § 2254(d)(2), and a challenge under this section is based on "the totality of the evidence presented in the state-court proceeding." Lambert v. Blackwell, 387 F.3d 210, 235 (3d Cir. 2004) (quotation omitted). However, under AEDPA, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290,

---

[10] While Petitioner claims that there was nothing material that Attorney Flaherty could have provided him on the two dates he set aside to meet, Petitioner does not dispute that Attorney Flaherty did, in fact, set aside time to meet with him. *See* ECF No. 18 at pp.4-5.

301 (2010). In conducting a review under § 2254(d)(2), this Court must defer to the specific findings of fact made by the PCRA court. AEDPA requires that "a determination of a factual issue made by a State court *shall be presumed to be correct*" and the petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (emphasis added).

Plaintiff's claim is that Attorney Flaherty was ineffective for not furnishing him with discovery materials prior to trial when, according to Petitioner, he was entitled to them because he invoked his right to self-representation when he specifically requested to proceed *pro se* on May 6, 2008, almost a year prior to trial. However, it is unclear just what factual determinations of the state court Petitioner is attacking. It is not disputed that Petitioner was not provided with discovery until after the trial judge accepted his request to proceed *pro se* on the first day of trial, and the criminal docket sheet does reflect that Petitioner filed a "Petition for Statutory Waiver of Counsel" on May 6, 2009, which the trial court forwarded to Attorney Flaherty. On the other hand, Petitioner does not dispute the fact that he did not show up for his appointments with Attorney Flaherty or that he failed to move for a continuance so that he could have time to review the discovery materials.

What Petitioner fails to realize is that he was still represented by Attorney Flaherty until the trial court accepted his request to proceed *pro se* on the day of trial, and it was at that time that Petitioner had the opportunity to and should have moved for a continuance. The failure to do so on his part does not impute ineffectiveness on the part of Attorney Flaherty. To the extent Petitioner disputes any factual determinations made by the state court, he has not rebutted the presumption of correctness of those determinations by clear and convincing evidence. Further, the state court's determination that Attorney Flaherty was not ineffective for failing to provide

Petitioner with discovery material prior to trial was clearly reasonable based on the evidence in the record; most importantly, Petitioner's failure to move for a continuance when the trial court granted him leave to proceed *pro se*. Thus, this claim withstands review under § 2254(d)(2).

As to Petitioner's claim that Attorney Flaherty was ineffective for failing to object to the severance of C.A. No. 0099-2006 from his three other cases at C.A. 1052-2008, 1053-2008, and 1054-2008, Petitioner has not satisfied his burden under § 2254(d)(1) and (2), in large part simply because his allegation regarding joinder and then severance of his 2006 case is factually incorrect for the reasons previously explained. Moreover, the PCRA court, who appears to have incorrectly assumed that C.A. No. 0099-2006 had been severed from the other three cases, found no prejudice from the failure to object to the severance because nothing about this decision deprived Petitioner of the opportunity to present evidence in support of his defense at trial.

In his Petition, Petitioner argues that the failure to object to the severance of C.A. No. 0099-2006 "allowed the prosecution to retain information and names of witnesses that would attest to and support [his] defense of Entrapment. Had counsel objected, Petitioner would have been able to properly submit evidence that not only were the charges factually inaccurate, but also that the proceedings were the result of Petitioner not being able to provide information related to the arrest and/or conviction of high level drug dealers." (ECF No. 5 at p.15.)

Petitioner's claim is unsupported by any factual allegations as to *why* he was unable to present evidence related to the conduct and charges at C.A. No. 0099-2006 that would have allegedly supported his entrapment defense. Petitioner fails to specify *what* evidence he was precluded from presenting and *why* he was unable to present such evidence in a manner compliant with the Pennsylvania Rules of Evidence. Without this information, there is no legitimate basis to find that he suffered any prejudice from the absence of such evidence,

15

assuming C.A. No. 0099-2006 was joined with and later severed from the other three cases, or could have been joined with the other cases despite the fact that the criminal episode in that case took place 2½ years before the others.  Furthermore, any failure or inability to even attempt to present such evidence at his trial was the result of his own lack of legal acumen, rather than the fact that the cases were not prosecuted in the same trial.  The state courts' rejection of this claim was neither contrary to, nor an unreasonable application of Federal law, and it was not an unreasonable determination of the facts in light of the evidence presented in Petitioner's state proceedings.  Accordingly, this claim withstands review under § 2254(d) and habeas relief is not warranted.

### B. Conflict of Interest

Petitioner's last claim is that he was denied due process when his case was prosecuted by the Pennsylvania Office of Attorney General instead of the Butler County District Attorney's Office.  He alleges that this was in violation of the Pennsylvania Commonwealth Attorney's Act, 71 P.S. § 732-205, in that the Butler County District Attorney's Office was never forced to corroborate its assertion of a conflict of interest before referring the case to the Office of Attorney General.  This claim was raised in Petitioner's PCRA and appellate proceedings but it was not explicitly addressed by the state courts.[11]

The relevant portion of the Pennsylvania Commonwealth Attorney's Act at issue allows the Attorney General the power to prosecute in any county criminal court

> Upon the request of a district attorney who lacks the resources to conduct an adequate investigation or the prosecution of the criminal case or matter or *who*

---

[11] There is no requirement that a state court's decision be accompanied by an explanation in order for it to qualify as an "adjudication" on the meits under § 2254(d).  Harrington, 131 S. Ct. at 784 (citing, *inter alia*, Chadwick v. Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002)).

> *represents that there is the potential for an actual or apparent conflict of interest on the part of the district attorney or his office.*

71 P.S. § 732-205(a)(3) (emphasis added). Petitioner complains that "[n]o hearing was held to substantiate if, in fact, the District Attorney/Butler County, actually could present acceptable, if any, proof that an actual conflict did exist." (ECF No. 5 at p.16.) He argues that the Attorney General did not have court authorization and was therefore without authority to prosecute him. Id. He further claims that the Attorney General got involved in his case solely to "circumvent disclosure of the only witness other than [ ] himself," thus precluding his defense of entrapment. (ECF No. 18 at p.27.)

First, the question of whether Petitioner should have been prosecuted by the Office of Attorney General or the District Attorney is a matter of state law, and it has long been held that claims raising only issues of state constitutional or statutory law are not cognizable on habeas review. *See* Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). The United States Supreme Court has reiterated that the habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' Wilson v. Corcoran, 562 U.S. ––––, ––––, 131 S.Ct. 13, 15 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a))." Swarthout v. Cooke, ––– U.S. ––––, –––– –, 131 S.Ct. 859, 861 (2011). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Petitioner's claim is, in actuality, a claim for a violation of state law that is not subject to habeas review, but, even assuming a violation occurred, the Supreme Court has long recognized that a

"mere error of state law is not a denial of due process." Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982); *see also* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

In any event, Petitioner's allegations do not support a violation of Pennsylvania law. The Pennsylvania Commonwealth Attorney's Act does not require the procedural and factfinding process that Petitioner believes was necessary to determine the veracity of the District Attorney's declaration of a conflict of interest.

## IV.  **Certificate of Appealability**

Section 102 of the AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree with the decision of this Court. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000). Accordingly, the Court will not grant a certificate of appealability. A separate Order will issue.

Dated: January 12, 2016

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Lance Mitchell White
   JA 8797
   S.C.I. Coal Township
   1 Kelley Drive
   Coal Township, PA  17866-1020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE MITCHELL WHITE, | ) |
| | ) Civil Action No. 13 - 1475 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| SUPERINTENDENT MOONEY, *PA Department of Corrections*, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## ORDER

**AND NOW**, this 12th day of January, 2016.

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Lance Mitchell White
JA 8797

S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020